# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

JOHN B. MICKALOVSKI, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

THE AUTO CLUB GROUP d/b/a AAA CHICAGO MOTOR CLUB,

   Defendant.

Case No.   2:20-cv-11230

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, JOHN MICKALOVSKI, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of Defendant, THE AUTO CLUB GROUP d/b/a AAA CHICAGO MOTOR CLUB, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. JOHN B. MICKALOVSKI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. THE AUTO CLUB GROUP d/b/a AAA CHICAGO MOTOR CLUB ("Defendant") is a corporation organized under the laws of the State of Michigan.

7. Defendant offers roadside assistance, travel, insurance, automotive, and banking services to consumers nationwide.

8. Upon information and belief, Defendant markets its products and services to consumers nationwide.

9. Defendant maintains its principal place of business in Dearborn, Michigan.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

11. Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

12. Upon information and belief, Defendant utilizes third party vendors to market its services and products to consumers, including its members.

13. Upon information and belief, Defendant's vendors are essential to their telemarketing activities.

14. Defendant's ability to increase revenue depends significantly on its access to high-quality vendors.

15. Defendant is subject to liability under the TCPA for actions of its third party vendors who are engaging in outbound telemarketing efforts on their behalf.

16. Upon information and belief, Defendant's outbound telemarketing efforts include the use of an automatic telephone dialing system ("ATDS") to solicit consumers nationwide.

17. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

18. Upon information and belief, Defendant uses technology that has the capacity to produce telephone numbers using a random or sequential number generator in order to contact as many consumers as possible to market its services to via automated text messages and telephone calls.

19. An ATDS allows Defendant's telemarketing agents to only communicate with consumers who answer their phones.

20. Consequently, Defendant shifts the burden of wasted time to consumers with unsolicited calls and messages.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6231.

22. At all times relevant, Plaintiff's number ending in 6231 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

24. Years ago, Plaintiff signed up for a membership with Defendant.

25. On April 28, 2020 at 6:24 p.m. CST, Plaintiff received a text message from Defendant ("First Text Message").

26. The First Text Message depicted as follows:

> As a courtesy to our members, we are notifying you that AAA Car Care Plus is open for vehicle repairs. Txt STOPCARCARE to end. Txt HELPCARCARE for help.

27. On April 28, 2020 at 7:15 p.m. CST, Plaintiff received a second text message from Defendant ("Second Text Message").

28. The Second Text Message depicted as follows:

> As a courtesy to our members, we are notifying you that AAA Car Care Plus is open for vehicle repairs. Txt STOPCARCARE to end. Txt HELPCARCARE for help.

29. On May 7, 2020 at 10:32 a.m. CST, Plaintiff received another text message from Defendant ("Third Text Message").

30. The Third Text Message stated:

> "AAA Car Care: Mother's day Special: $14.95 Standard Oil Change w/code SMS45 EXP: 5/21/20. Details: http:/bit.ly/2J1ss2u. STOPCARE. HELPCARE."

31. At no time did Plaintiff provide Defendant with express written consent to send automated text messages to his cellular telephone.

32. Plaintiff significantly values his privacy and solitude.

33. Accordingly, Plaintiff takes measures to ensure that he does not consent to automated calls and/or text messages upon signing up for services.

34. Upon signing up for his membership with Defendant, Plaintiff carefully reviewed all forms and disclosures to ensure he was not providing consent to be

5

contacted through automated calls and/or automated text messages to his cellular telephone.

35. Plaintiff never provided Defendant with consent to send automated text messages to his cellular telephone.

36. Defendant's unsolicited text messages have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited text messages, increased risk of personal injury resulting from the distraction caused by the text messages, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## CLASS ALLEGATIONS

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

>All persons residing in the United States: (a) to whom Defendant and/or a third party acting on Defendant's behalf, placed one or more non-emergency phone call(s) and/or sent automated text message(s); (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system; (e) without their prior express written consent; and (f) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

39.  The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

40.  The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

41. Upon information and belief, Defendant placed phone calls and/or sent automated text messages to thousands of consumers who fall into the definition of the Putative Class.

42. Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers/vendors to be gained in discovery.

**B.    Commonality and Predominance**

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.    Superiority and Manageability**

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of 47 U.S.C. § 227 *et seq*. (TCPA)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Among other things, the TCPA prohibits certain calls and automated text messages to wireless numbers unless the caller has the prior express consent of the called party.  47 U.S.C. §227(b)(1)(A).

54. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

55. "Prior express written consent" is required for (a) all telemarketing/promotional calls (including text messages) placed using an ATDS to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.

56. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

57. Defendant and/or a third party acting on Defendant's behalf sent or caused to be sent automated text messages to Plaintiff's cellular telephone number ending in 6231 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

58. Upon information and belief, the system employed by Defendant to send the text messages to Plaintiff's cellular phone has the capacity – (A) to store or

produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

59.  Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

60.  As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

61.  As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A.  an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.  an order finding that Defendant violated the TCPA;

C.  an order enjoining Defendant from placing or causing to place further violating calls and or automated text messages to consumers;

D.  an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.      an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 18, 2020                                  Respectfully submitted,

**JOHN B. MICKALOVSKI**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com